425 So.2d 1166 (1983)
Patrick HUDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-805.
District Court of Appeal of Florida, Second District.
January 5, 1983.
Rehearing Denied January 31, 1983.
Jerry Hill, Public Defender, Bartow, and Bryan E. Hopkins, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant seeks review of the trial court's order revoking his probation and sentencing him to fifteen years imprisonment. We reverse upon a finding that the evidence is insufficient to demonstrate that appellant willfully violated his probation.
Appellant was charged with violating the instruction of his probation officer that he not telephone or communicate with the relatives of the victims of the crime for which appellant was initially convicted. One of the victims was the former girlfriend of appellant. During appellant's revocation hearing, the state introduced evidence that a telephone trace had been placed on the telephone in appellant's parents' home, with whom he lived, and on the home telephone of Mrs. Thompson, the grandmother of a victim. The trace revealed only that a telephone call had been placed from appellant's parents' home to the Thompson home at 5:45 a.m. The trace did not indicate the length of the call or the voice of the person who placed the call.
Mrs. Thompson, who answered the telephone call in question, testified that the *1167 caller hung up the telephone immediately after it was answered. Hence, she was unable to detect a voice or comment that would have enabled her to identify the caller. Appellant's mother and father also testified. Appellant's father stated that he could not have placed the call because he was at work when the call was made. Appellant's mother, however, testified that she may have inadvertently placed the call because the Thompson number was listed in her home directory directly below the name of appellant's sister. She admitted to having made such errors in the past. Appellant also testified that he may have mistakenly dialed Mrs. Thompson's telephone number because he regularly telephoned his current girlfriend in the early morning hours.
In achieving the revocation of a defendant's probation, it is incumbent upon the state to establish that the defendant willfully violated the terms of his probation. Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). The facts underlying the immediate proceeding, however, fail to support a finding that the state satisfied its burden of proof. The record does not demonstrate that appellant placed the call to the Thompson residence.
Accordingly, the order finding that appellant violated his probation is reversed, and the case is remanded with directions to restore appellant to his original term of probation.
RYDER, A.C.J., and SCHOONOVER, J., concur.