484 So.2d 1232 (1986)
Tyrone HOWARD, Petitioner,
v.
STATE of Florida, Respondent.
No. 66995.
Supreme Court of Florida.
March 6, 1986.
Richard L. Jorandby, Public Defender and Gary Caldwell, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
*1233 Jim Smith, Atty. Gen. and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for respondent.
SHAW, Justice.
We review Howard v. State, 473 So.2d 716 (Fla. 4th DCA 1985), based on direct and express conflict with Hudson v. State, 425 So.2d 1166 (Fla. 2d DCA 1983). Our jurisdiction is based on article V, section 3(b)(3) of the Florida Constitution.
Petitioner was placed on five years' probation for strong-arm robbery and six months' concurrent probation for simple assault. He was assigned a special condition of four months at a restitution center. Work assignments at the center were basically housekeeping chores, such as washing dishes, sweeping floors, and making beds. Upon reporting to the center, petitioner, a seventeen year old, claimed he was unable to do the work because of back trouble and was told twice to see a doctor at a medical center approximately three blocks away in order to obtain an exemption from work. After he failed to do so and persisted in his claimed inability to work, the restitution center filed an affidavit charging that petitioner had violated probation by failing to perform duties as assigned. The trial court heard testimony from the center probation officer and petitioner, and concluded that petitioner had violated the terms and conditions of his probation. The trial court revoked probation and sentenced petitioner to two years at a youthful offender center, followed by two years of community control.
On appeal, the district court affirmed the revocation of probation, subject to entry of a written order on remand, but as reason therefor, stated:
After reviewing the briefs and the record on appeal in this case, we find the appellant failed to demonstrate that his probation violation was not willful and substantive. Therefore, we affirm the revocation of his probation.
Howard, 473 So.2d at 716. These words may be read in two ways. First, that petitioner had the burden at the revocation hearing to show that his probation violation was not willful and substantive. So read, the district court reason for affirmance would be in conflict with the correct statement of the law in Hudson that the burden is on the state to establish that the probationer willfully violated the terms of his probation. The words might also be read to mean that, on appeal, the petitioner failed to show that the trial court erred in finding that the probation violation was willful and substantive.[*] Having searched the record, we are satisfied that the trial court did not err. We approve the decision below, as clarified, and remand for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
NOTES
[*] The record before us does not include the briefs submitted to the district court.