485 So.2d 40 (1986)
James Charles SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1171.
District Court of Appeal of Florida, Second District.
March 19, 1986.
James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant seeks review of an order revoking his probation and sentencing him to fifteen years' imprisonment for carnal intercourse with an unmarried person under the age of eighteen. Appellant was found to have violated a special condition of his probation which prohibited him from having "contact with his stepchildren."
The alleged violation took place when appellant and his fiancee were playing ball with her two sons at a public park. Appellant was aware that his stepdaughter frequently participated in softball games at the park. He said he searched the parking lot to make certain that his ex-wife's automobile was not there before stopping at the park. The "contact" occurred sometime later when Theresa, one of the stepdaughters, made eye contact with appellant at a distance estimated to be ninety-eight feet. *41 She said she thought appellant had seen her, but appellant testified that he was not aware of the stepchildren's presence until informed by a deputy sheriff who had been summoned to the park by appellant's ex-wife. After being informed of the stepchildren's presence at the park and requested to leave by the deputy sheriff, appellant, along with his fiancee and her two children, left the park.
In achieving the revocation of a defendant's probation, it is incumbent upon the state to establish that the defendant willfully violated the terms of his probation. Hudson v. State, 425 So.2d 1166 (Fla. 2d DCA 1983). Where a defendant makes reasonable efforts to comply with probation conditions, his failure to do so may not be willful. Gardner v. State, 365 So.2d 1053 (Fla. 4th DCA 1978).
Certainly, the prohibition against appellant having contact with his stepchildren was intended to limit more than physical contact. To comply with this condition, appellant was obligated to take reasonable steps to avoid coming into their presence. Arguably, appellant was running some risk of violating probation in visiting the park. On the other hand, he should not be penalized because of an inadvertent meeting which was not precipitated by his own conduct. Appellant first took reasonable precautions to determine if the stepchildren were playing at the park, and on being informed of their presence, he immediately left the area. He did nothing to initiate the eye contact with Theresa. Moreover, there is no suggestion of prior instances in which appellant had positioned himself in locations where he might be observed by the stepchildren. In the final analysis, we hold that there was insufficient proof of appellant's willful violation of the special condition of his probation.
Therefore, we reverse the order of revocation and the consequent judgment and sentence. The cause is remanded with instructions to restore appellant to his original term of probation.
CAMPBELL and LEHAN, JJ., concur.