536 So.2d 373 (1988)
Steven D. JACOBSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-514.
District Court of Appeal of Florida, Second District.
December 30, 1988.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Jacobsen appeals the trial court's order revoking his probation and imposing a sentence that is a departure upward from the sentencing guidelines. We address only the revocation of probation since that issue alone requires reversal.
Jacobsen originally pleaded no contest to two charges of burglary of a dwelling. After receiving probation on both charges, a violation of probation resulted in a prison sentence on count I, which was completed, followed by a ten-year term of probation on count II. This appeal stems from Jacobsen's violation of his probation under count II.
*374 On November 5, 1987, Jacobsen pleaded no contest[1] to violating his probation, at which time he was reinstated to a ten-year term of probation. One of the terms of probation was that Jacobsen leave and remain out of Lee County. The trial judge informed Jacobsen that he was to contact the probation office in Orlando no later than November 13, 1987. The record contains no written order of revocation of Jacobsen's probation or a written probation order reinstating Jacobsen's probation. At the close of the revocation hearing, the following transpired:
[Prosecutor]: Judge, did you also put a time limit on when he has to be out of Lee County?
Court: Noon, You get out a[t] 9:00 and you're on your way by noon, all right?
Defendant: I could leave today. I'll just hitchhike out of town.
Court: No, you won't leave today. You're leaving tomorrow morning. Thank you. Good bye.
Another affidavit for violation of probation was filed November 12, 1987, and alleged:
Violation of the Special Condition of his Probation which ordered that he leave Lee County by Noon on November 6, 1987, as is evidenced by his failure to leave Lee County by that date and time.
After a hearing on this violation, Jacobsen's probation was revoked, and he was sentenced to ten years imprisonment. Jacobsen testified to the following events at the hearing.
Jacobsen was released from jail at 9:10 a.m. on the day following the hearing. After cashing a check for $400, he proceeded to the Trailways bus station where he observed a sign that stated the only bus to Orlando left at 8:15 a.m. Jacobsen asked a ticket agent whether the bus was the only one to Orlando, and the agent responded affirmatively. Jacobsen purchased a ticket for the 8:15 bus leaving the following morning. Jacobsen intended to get a hotel room for the evening. For most of the day, Jacobsen stayed at the bus station. At approximately 4:30 p.m., Jacobsen met a friend at the station who asked if Jacobsen would come to another friend's house in Cape Coral. Jacobsen went to the house with the friend and later to a restaurant. According to Jacobsen, the last event he remembered that evening was leaving the restaurant. The next memory Jacobsen had was awakening the following morning with his hands and legs bound together. Jacobsen had been stripped of his money, wallet, and identification and had suffered head injuries. Jacobsen was then taken to the hospital and placed in intensive care. He remained in the hospital for the next nine days.
Carroll Lister, a ticket agent at the Trailways bus station, testified that a sign in the bus terminal listed a direct bus to Orlando leaving at 8:15 a.m. Other departures for Orlando were not posted on the sign because they were not direct trips. Lister identified Jacobsen as having been at the bus station. Lister also testified that ticket sales are not registered by name; therefore, it could not be verified whether Jacobsen purchased a ticket. According to Lister, if asked, he would inform a customer that Greyhound also had buses traveling to given destinations if Trailways did not have a bus leaving at the appropriate time. Lister was aware that Greyhound had two buses leaving for Orlando before noon.
Sue Wilson, the probation officer, testified that she discussed with Jacobsen his failure to leave Lee County. Jacobsen informed Wilson that he had purchased a bus ticket but that he failed to use it and that the last thing he remembered was being in a bar in Cape Coral with a substantial amount of cash.
Jacobsen argues that the condition of probation requiring him to leave the county by a certain time of day was unenforceable *375 because that condition was never reduced to writing in an order of probation. That argument fails because Jacobsen was clearly apprised of the condition at a hearing where he was present and acknowledged this condition of his probation. The absence of the written order is not reversible error. Morgan v. State, 341 So.2d 201 (Fla. 2d DCA 1976). But see Warren v. State, 499 So.2d 55 (Fla. 4th DCA 1986).
Jacobsen also argues that the condition imposed was improper. While we agree this condition does not meet the test required to constitute a valid condition of probation as stated in Rodriguez v. State,[2] 378 So.2d 7 (Fla. 2d DCA 1979), Jacobsen's failure to raise a contemporaneous objection to the imposition of that condition at the hearing prohibits him from raising the challenge now. Burns v. State, 513 So.2d 165 (Fla. 2d DCA 1987); McPike v. State, 473 So.2d 291 (Fla. 2d DCA 1985).
Jacobsen finally maintains, and we agree, that it is incumbent upon the state to establish that Jacobsen wilfully violated the terms of his probation. See Scott v. State, 485 So.2d 40 (Fla. 2d DCA 1986). Under the facts presented at the hearing, it cannot be said that his violation was wilful. The evidence adduced at the violation hearing reflects a good-faith effort by Jacobsen to comply with the pronouncement of the trial court. The events which ensued to prevent his departure were not within his control. Where a defendant makes reasonable efforts to comply with the conditions of probation, his failure to so comply may not be wilful. Id. at 41.
REVERSED AND REMANDED.
SCHEB, A.C.J., and THREADGILL, J., concur.
NOTES
[1] Section 948.06, Florida Statutes (1984) does not envision a no contest plea to a violation of probation or community control. Upon the court advising the defendant of the violation, the defendant must admit or deny the charge. If admitted the trial judge schedules a sentencing hearing and imposes a sentence. If the charge is denied, a hearing on the violation shall follow as soon as is practicable.
[2] In Rodriguez, this court stated:

In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
378 So.2d at 9 (citations omitted).