579 So.2d 400 (1991)
Reuben V. WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1816.
District Court of Appeal of Florida, Fifth District.
May 23, 1991.
*401 James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Defendant appeals the order revoking his probation. He argues that it was error to revoke his probation prior to its commencement where the evidence does not demonstrate that he had engaged in any misconduct. We agree and reverse.
Defendant pled no contest to one count of obtaining property by means of a worthless check. He was sentenced to 1 year in jail to be followed by 6 months' probation. After serving several months in jail, defendant's sentence was modified to permit him to serve the balance of his incarceration in the Bridge, a residential treatment facility which allows its residents to maintain employment. Several weeks after defendant took up residence at the Bridge, he was sent home for one night. Defendant testified he was told to call in the next morning and when he did he was informed he was being terminated from the program and that a warrant would be issued for his arrest. Defendant telephoned the jail authorities and was told there was no outstanding warrant for him. At this point defendant apparently believed if the authorities wanted him, they would come get him. There is a lack of proof that defendant's absence from the Bridge was without permission.
Five months later, an affidavit of violation of probation was filed and an arrest warrant was issued for defendant's arrest. Defendant allegedly violated the terms of his probation by: (1) failing to submit monthly reports; (2) failing to pay the costs of supervision; (3) failing to obtain the consent of his probation officer prior to moving out of the Bridge; and (4) failing to pay restitution. The court found defendant had violated the terms of his probation, revoked the probation and sentenced defendant to 4 1/2 years in prison on the worthless check charge.
We agree with defendant's assertion that the trial court erred by revoking his probation. While a trial court has the inherent power to revoke probation for misconduct which demonstrates the probationer's unfitness for probation, even where the term of probation has not yet commenced, Stafford v. State, 455 So.2d 385 (Fla. 1984), the misconduct relied upon cannot logically be the violation of the technical terms of the probation. Where a defendant is not yet serving the probationary portion of his sentence, he can hardly be *402 guilty of violating its technical terms. Additionally, a violation which triggers a revocation must be willful and substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). Here, the State failed to show defendant's violation was either willful or substantial. Defendant was never told to report to his probation officer and thus defendant was never instructed on the terms of his probation. The nature of the alleged violations was technical. Defendant maintained his "freedom" without incident, which if anything, demonstrates his amenability to probation.
Defendant's mistaken release from custody prior to fulfilling the incarcerative portion of his sentence does not terminate that sentence and commence defendant's probation. See Johnson v. State, 561 So.2d 1254 (Fla. 2d DCA 1990). Accordingly, defendant's failure to fulfill the technical terms of his probation, where defendant had not yet begun serving his probation, cannot constitute the type of misconduct which would permit the prospective revocation of defendant's probation. We therefore vacate the order revoking defendant's probation and the judgment and sentence entered upon the revocation of probation.
REVERSED.
GOSHORN, GRIFFIN and DIAMANTIS, JJ., concur.