599 So.2d 254 (1992)
Ronnie STEVENS, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-237.
District Court of Appeal of Florida, Third District.
May 26, 1992.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen. and Timothy Chuilli, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
Stevens appeals from an order finding him in violation of probation. We reverse.
On a plea of no contest to several serious sexually related charges, defendant was placed on a lengthy probation on the condition that he "successfully complete the Mentally Disordered Sex Offender's Program." At the time, the trial court warned him that he would be required to adhere scrupulously to the program's requirements and that even a so-called minor violation might be cause for revocation. In fact, Stevens was terminated because of his absence from a duly scheduled meeting of an MDSO group. At the probation violation hearing, Stevens, supported by several witnesses, testified that on the evening the meeting was scheduled, he made a series of quixotic and inept efforts to reach it, but was unable to do so because of a sequence of untoward events which included the breakdown of the car in which he was riding. He and his witnesses also stated that they had reached the program by telephone but were unable to secure an excuse for his absence. There was essentially no evidence that this comedy of errors had not taken place. Indeed, at the conclusion of the hearing, the trial judge indicated that he believed that it had. He revoked the probation, however, because he *255 found that defendant, particularly in light of the previous admonitions, should have done more or taken further steps to insure his presence.[1] On this basis, the probation was revoked and Stevens was sentenced to twenty-seven years imprisonment upon the underlying charges.
In light of Stevens's history, the trial court's ruling is surely understandable. It is not, however, supported by the applicable law that probation may be revoked only upon a showing that the probationer has deliberately and willfully violated its terms. Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). However inept and negligent his conduct, the record does not support the conclusion that Stevens willfully or deliberately missed the meeting. See Jacobsen v. State, 536 So.2d 373 (Fla. 2d DCA 1988) (no willful violation of condition that defendant leave the county by a specific time when he made reasonable efforts to comply by purchasing a bus ticket, but was unable to depart because he was hospitalized for injuries received when robbed); Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980) (no willful violation of condition that defendant personally deliver a report when, although the report was timely completed, it was not delivered due to defendant's lack of transportation and subsequent incarceration for an unrelated offense); Gardner v. State, 365 So.2d 1053 (Fla. 4th DCA 1978) (no willful violation of condition that defendant leave Florida when he attempted to do so, but his car broke down and he was unsuccessful in repairing it before arrest).
Under the circumstances, the court could well determine, as it obviously did, that even the most technical violation of the terms of probation would justify its revocation. See Little v. State, 519 So.2d 1139 (Fla. 2d DCA 1988), review denied, 528 So.2d 1182 (Fla. 1988); May v. State, 472 So.2d 890 (Fla. 4th DCA 1985); Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980). It is required, however, that any such deviation be the product of a knowing and willful act by the probationer. Since there was no such evidence below, the order, judgment and sentence under review are reversed and the cause remanded with directions to dismiss the proceeding for probation violation and for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] The court stated:

Mr. Stevens was put on notice at the hearing, and the Court has an independent recollection of this, at the last probation violation in which I dismissed the affidavit and reinstated probation, I advised everybody concerned in open court that I expected a very strict standard; that I was not going to allow minor deviations, and the Court finds it appropriate to have strict standards in sexual abuse cases because of the potential for avoiding the admonitions that are part of the treatment.
* * * * * *
At four twenty-five he could have walked, he could have run, he could have gotten a cab if he had appreciated the severity of the admonition which, I think, was unequivocal in this courtroom. I made it absolutely clear what I expected, and he looked for excuses, I find, and he found the excuses.
He looked for somebody else to be responsible for him, to get him there. He called Mr. Kelly. Then he had somebody call Ms. Bird. Then he got Reverend Sims. Then he got Reverend Sims' friend. He used people to fulfill his obligation.
The Court finds that is totally unacceptable. He was not there.