604 So.2d 1265 (1992)
Kenneth STEINER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1826.
District Court of Appeal of Florida, Fourth District.
September 9, 1992.
*1266 Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant Kenneth Steiner appeals an order finding him in violation of one of the special conditions of his community control and the resulting sentence of twenty-two years imprisonment.
The issue on appeal is whether it was an abuse of discretion to find that appellant violated the terms of his probation.
In the criminal proceeding which led to the imposition of probation, appellant pled nolo contendere to two counts of attempted capital sexual battery. The crime involved a child, and the court in sentencing appellant to two years of community control followed by a period of probation included special conditions, one of which mandated that he have: "No unsupervised contact with minors. Any contact with minors to be supervised by an adult who is aware of these charges and disposition. This does not include his stepsons."
On the day of the violation, appellant, his wife Sherry Steiner, and his niece Stacy Steiner, age sixteen years, had been doing laundry at appellant's residence. Appellant's wife, Sherry, was living separate from him because another condition of his probation mandated that he have no contact with the victim of his sexual battery; the victim is his wife's daughter and appellant's step-daughter. Appellant's niece, Stacy, lives with appellant's wife and her daughter.
After Sherry and Stacy finished doing laundry, Sherry left for work. Appellant and his niece left together a few minutes later, so that appellant could go to his probation office visit and Stacy could be dropped off at his wife's home afterwards. Appellant and his niece walked into appellant's probation officer's (PO) office, and the PO noticed that Stacy looked under the age of eighteen. The PO asked Stacy how old she was, and Stacy replied that she was sixteen and would be seventeen in a few months. The PO also confirmed the girl's age with appellant. The probation officer then told appellant that he was in direct violation of a special condition of his community control, and she subsequently filed an affidavit of violation.
*1267 On these facts the trial court determined that appellant violated the special condition of his probation prohibiting contact with minors by having contact with Stacy without adult supervision. The question is whether the admitted violation justifies revocation of probation.
Probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation. See, e.g., Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). There must have been a willful violation. Kolovrat v. State, 574 So.2d 294, 297 (Fla. 5th DCA 1991); Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988). Moreover, a violation which triggers a revocation of probation must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Kolovrat, 574 So.2d at 297; Young v. State, 566 So.2d 69, 69-70 (Fla. 2d DCA 1990); Hightower, 529 So.2d at 727.
Lastly, the state has the burden to establish that the probationer willfully violated his/her terms of probation. Howard v. State, 484 So.2d 1232, 1233 (Fla. 1986); Ware v. State, 575 So.2d 759 (Fla. 4th DCA 1991). Nonetheless, on appeal, the standard of review of an order of probation revocation is whether the trial court abused its discretion. Molina v. State, 520 So.2d 320, 321 (Fla. 2d DCA 1988).
In Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992), the Third District Court of Appeal reversed the trial court's order revoking Stevens' probation where there was evidence of only a technical violation of probation. In Stevens, the probationer had missed a Mentally Disordered Sex Offenders' (MDSO) meeting which he was required to attend as a condition of his probation. Stevens testified that he was unable to get to the meeting because the car in which he was riding broke down. Id. at 254-255. The trial court nevertheless revoked his probation because it found that in light of previous admonitions, the probationer should have taken further steps to get to the meeting. Id.
The Third District reversed the trial court's determination of violation, holding that Stevens did not willfully and deliberately violate the terms of his probation and noting that however inept and negligent Stevens' conduct may have been, the record did not support a finding of a willful or a deliberate violation. Id. at 255. The court concluded by holding that a violation of probation requires the "deviation be the product of a knowing and willful act by the probationer." Id. Accord Chatman, 365 So.2d at 790; see also Young, 566 So.2d at 69-70 (despite the fact probationer was dismissed from the program, it was an abuse of discretion to revoke probation where probationer failed to complete a MDSO program, but had expressed a willingness to enter another MDSO program); Jacobsen v. State, 536 So.2d 373, 375 (Fla. 2d DCA 1988) (state failed to establish that probationer willfully violated the terms of his probation by not leaving the county when he was ordered to, where probationer made a good faith effort to comply with the condition).
In Hudson v. State, 425 So.2d 1166, 1167 (Fla. 2d DCA 1983), the Second District Court of Appeal held that it is incumbent upon the state to establish that a probationer willfully violated his probation. In Hudson, one of the probationer's conditions was not to telephone or communicate with his victims or their relatives. Hudson was charged with violating that condition when a phone trace revealed that a 5:45 a.m. phone call was made from Hudson's residence to the residence of one of his victims. Id. at 1166. Both Hudson and his mother testified that either may have mistakenly placed the call since the victim's number is on their home telephone directory because that victim was Hudson's former girlfriend.
While the trial court revoked Hudson's probation for having made this phone call, the Second District reversed, holding that the state failed in its burden of proof to show that Hudson willfully violated the terms of his probation where he or his mother could have mistakenly placed the call. Id. at 1167.
*1268 In Scott v. State, 485 So.2d 40 (Fla. 2d DCA 1986), the Second District Court of Appeal held that the probationer did not violate a condition of his probation prohibiting him from seeing his stepchildren when one of his stepchildren saw him in the park. In Scott, the probationer went to a park which he knew was frequented by his stepchildren, although he checked for their presence before stopping and parking. While he was playing ball with his fiancee and her sons, his stepdaughter saw him thirty yards away. Id. Immediately thereafter, the mother summoned a sheriff's deputy, and he told Scott to leave the park because his stepchildren were there and the mother had complained. At his subsequent probation revocation hearing, Scott was found guilty of violating his special condition of probation which prohibited him from having contact with his stepchildren. However, on appeal, the Second District held that where a probationer makes reasonable efforts to comply with probation conditions, his failure to do so will not be considered willful. Id. at 41. Accord Gardner v. State, 365 So.2d 1053 (Fla. 4th DCA 1978) (where a probationer makes reasonable efforts to comply with his probation conditions, his failure to do so is not willful).
Accordingly, the court in Scott concluded that the state did not establish that Scott had willfully violated his terms of probation, and it reversed the order of revocation. Id. See also Washington v. State, 579 So.2d 400, 401-02 (Fla. 5th DCA 1991) (probationer's failure to fulfill the technical terms of his probation could not constitute a violation sufficient to revoke his probation); Molina, 520 So.2d at 321-22 (any violation of probation must be willful; therefore a technical violation is insufficient to justify revocation).
In the present case, condition 20, which was typed on the order of probation, mandated that appellant could not be in the company of anyone under eighteen (with the exception of his stepsons) without another adult supervising who knew of appellant's charges. At appellant's violation hearing, the probation officer testified that she previously had explained to appellant special condition 20 and that he was aware of and understood this condition.
On the other hand, there also was undisputed testimony at the hearing that appellant committed this violation unknowingly.
Furthermore, Appellant testified that his niece Stacy was aware of his previous arrest and the charges against him. He also testified that it did not occur to him there would be a problem with taking her on his probation office visit and then home. Stacy testified that she decided to go with appellant to his probation visit so that he could drop her off afterwards. Stacy also testified that because appellant's wife was working two jobs and had to leave immediately for work, it was not possible for her to provide transportation for Stacy.
When appellant's PO told him that he was in direct violation of his probation by being in the company of his niece without adult supervision, he stated that he did not realize he was in violation until the officer brought it to his attention in the office. Both the wife and the niece stated that it had not occurred to them that appellant being alone with his niece at that time would violate his probation.
Under the factual circumstances of this case and in view of the case law discussing the factors that constitute both a willful and a substantial violation of probation, we do not find that one was committed here. While appellant's actions in bringing his niece to his probation visit and his intended action of bringing her to her home was certainly a technical violation of the special condition, it appears to have been a simple mistake on his part. The probation officer herself testified that when she told appellant in her office that he was in violation of his condition because Stacy is a minor, appellant responded that he "didn't think about it, [he] did not realize it... ."
The PO further testified that appellant or his wife would call her when they had questions concerning whether an action was allowed, if they needed clarification, or if they needed approval for a different or new schedule. This indicates a willingness on appellant's part to abide by the conditions *1269 of his probation. Appellant also was continually employed, passed every drug test, and always showed up for his counseling sessions.
We conclude that appellant's technical violation of a condition of his probation did not rise to that level of willfulness required to support revocation, nor do we find that violation to be "substantial" as the case law has defined that term in this context.
Accordingly, we reverse and remand with instructions to reinstate appellant's probation and community control.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.
LETTS, J., concurs in result only.