PARIENTE, Judge.
Defendant appeals from an order revoking his probation. The facts, as presented by the state, do not support a finding that defendant willfully and substantially violated his probation by moving from his approved residence in Alabama without the permission of his Florida probation officer. Since this was the only allegation upon which the affidavit of violation was based, we are compelled to reverse. However, this reversal is without prejudice to the state’s refiling of an affidavit of violation on different grounds.
Defendant’s probation began in Florida, but his Florida probation officer, Michael Gainer, gave him permission to move to Alabama to live with his brother. Although defendant was told to report for probation in Alabama, the paperwork transferring his probation to Alabama had not been completed at the time of the move and Alabama had not officially accepted defendant as a probationer under the interstate parole and probation compact. See § 949.07, Fla.Stat. (1993). The state asserts that defendant’s probation officer continued to have both the authority and responsibility to supervise him in Alabama.
It is not entirely clear under the unique facts of this case whether, during the time defendant was in Alabama, he was under the supervision of Alabama or remained under the supervision of the Florida Department of Corrections as a practical, as well as a legal matter. In fact, there appears to have been confusion between the two jurisdictions as to which had responsibility for defendant’s supervision. This confusion is reflected in the testimony of Mr. Gainer who testified that defendant was violated because he did not inform Alabama that he was returning to Florida. In fact, defendant did inform the Alabama probation officer of his move and also attempted to contact Mr. Gainer before making the move.
Subsequent to returning to Florida, defendant succeeded in contacting Mr. Gainer and advised of his return. Mr. Gainer testified that he then “checked with my supervisor as to the procedure being Alabama hadn’t informed me that [defendant] was down here and my supervisor directed me to call [defendant] back, have him report in to transfer his probation back up to Silver Springs [Florida].” Because of a mixup at the switchboard of the trailer park where defendant was living, Mr. Gainer was unable to reach defendant by telephone. This inability to recontact defendant at the phone number provided led Mr. Gainer to file the affidavit of violation. But for the inability to reach defendant by telephone, apparently the probation would have been transferred and the affidavit of violation would not have been filed. Although defendant admittedly did not attempt to recontact Mr. Gainer, the affidavit alleged only a single violation concerning the unauthorized move from Alabama and not a reporting violation upon defendant’s return to Florida.
We do not consider an unauthorized move from one state to another to be a de mini-mus violation. Nor do we consider the fact that the move in this case was allegedly necessitated because defendant’s wife’s failing health required that she be brought back to Florida Would otherwise excuse an unauthorized move. However, here, the combination of the confusion as to whether Florida or Alabama had authority to approve the move back to Florida, defendant’s attempt to obtain approval both from Alabama and Florida prior to his move from Alabama and the subsequent ratification of the move by Mr. *455 Gainer’s supervisor leads us to a conclude that the trial court abused its discretion by violating defendant’s probation on the basis of an unauthorized move from Alabama to Florida. See generally Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992).
REVERSED AND REMANDED.
STONE and SHAHOOD, JJ., concur.