679 So.2d 1195 (1996)
Fernando BENAVIDES, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-1782.
District Court of Appeal of Florida, Third District.
July 31, 1996.
Rehearing Denied October 16, 1996.
*1196 Bennett H. Brummer, Public Defender, and Andrew F. Rier, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before NESBITT, GODERICH and FLETCHER, JJ.
FLETCHER, Judge.
Fernando Benavides appeals an order revoking his probation and sentencing him to a term of twenty-five years in state prison, contending that the court erred in revoking his probation as his violation of certain conditions was not willful and substantial. For the reasons which follow, we reverse the revocation order and remand with instructions.
Benavides was charged in 1990 with multiple counts of lewd assault and sexual battery. He entered into a plea agreement which included ten years of probation, with conditions which included participation in a mentally disordered sex offender program, no contact with minor children, and written permission from his counselor in order to live with minor children or become involved with a woman who has minor children living with her. Benavides entered the offender program, shortly after which he met Beatrice (later Mrs. Benavides), whom he informed of his sex offender status. Beatrice began seeing Benavides' counselor with him, in contemplation of securing permission to marry.
The couple began living together in July, 1994, and were subsequently joined in their home by Beatrice's two minor children in December, 1994. Benavides' counselor was aware of these arrangements,[1] which were open and not concealed from anyone, including the case probation officer. Most importantly, at no time did the counselor, who had the authority of the court (through the probation order) to allow the arrangement, direct Benavides to cease this relationship with Beatrice or live separately. Indeed, it was not until the case probation officer became aware of the situation in January, 1995, that Benavides learned of any official disapproval of the relationship. Even then he was not directed to cease the living arrangement, but only informed that he would have to return to court (which return occurred in March, 1995).[2]
Benavides was found to have violated two conditions of his probation order, both of which filter down to his not having obtained written permission of his counselor to become involved with and live with Mrs. Benavides and her children. For this violation, Benavides' probation was revoked and he was sentenced to twenty-five years in state prison.
In order for a violation to trigger a probation revocation, it must be willful and substantial. Washington v. State, 579 So.2d 400 (Fla. 5th DCA 1991); Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990). In light of the program counselor's tacit approval of the living arrangements, it appears that the revocation and sentencing were in reality based upon the absence of a written document.[3] This we find to be less than a substantial violation, and not a willful one in light of the circumstances.[4]
Accordingly, the order revoking Benavides' probation and sentencing him to state prison is reversed. The cause is remanded to the trial court to return Benavides to probationary *1197 status and to the offender program under reasonable probation conditions.
Reversed and remanded.
NOTES
[1] Not only did Beatrice meet with the counselor, but the relationship was the subject of favorable discussions in group sessions.
[2] The Benavideses married in March, 1995, prior to the hearing. We do not find this to be significant in light of their living arrangements at the time. Indeed, the State has referred to their arrangement before the formal marriage as that of a "common law marriage"no longer a fixture in Florida law.
[3] The testimony reflects that Benavides was not accused of inappropriate conduct toward the minor children, nor was the suggestion even made that such was the case. In fact, his counselor testified at trial that Benavides was recently making progress in the program. The counselor recommended that Benavides not be returned to prison, but that he remain in the program (with different living arrangements for the time being).
[4] There appear to have been language translation difficulties further complicating the circumstances below.