PER CURIAM.
Defendant Charles Taylor was convicted of possession of a firearm by a convicted felon. For this offense, Taylor was sentenced to fifteen months in prison followed by five-years probation. The trial court imposed as special probation conditions the requirement that (1) Taylor “have full employment” three months after release from prison, and (2) that Taylor set up four bank accounts, one for each of his four children, with Taylor and the children’s mother as trustees, and deposit a minimum of five percent of his net pay into each account. Taylor appeals his conviction and sentence.
We affirm the conviction, but remand the cause to the circuit court with instructions to delete the two special conditions as such conditions do not allow for circumstances beyond Taylor’s control which may prevent his compliance. Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993); Evans v. State, 608 So.2d 90 (Fla. 1st DCA 1992); Walls v. State, 596 So.2d 811 (Fla. 4th DCA 1992). As we observed in Benavides v. State, 679 So.2d 1195 (Fla. 3d DCA 1996), in order to trigger a probation revocation, a violation must be willful. Here, by their own terms, the special conditions could be violated by Taylor by his inability to comply notwithstanding that he may make good faith efforts to do so.[1]
Conviction affirmed; cause remanded to correct the probation order.

. The probation order properly includes the condition related to employment and support of dependents set forth in the form for order of probation, Fla.R.Crim.P. 3.986(e).