GUNTHER, Chief Judge.
Appellant, Morris McArthur, Jr., appeared before the trial court to resolve, inter alia, three violation of probation cases. In one of these cases (89-3246), however, probation was never imposed as part of his original sentence. Apparently, no one noticed this detail, because Appellant nonetheless admitted violating probation and the trial court entered judgment revoking probation in case no. 89-3246. The trial court also assessed special public defender attorney’s fees against Appellant in that case. Appellant now appeals these orders.
Appellant argues, and the State concedes, that the trial court erred in revoking probation in a case where probation was never even imposed. A trial court may revoke probation only upon a showing by the greater weight of the evidence that the defendant deliberately and willfully violated one or more substantial conditions of probation. Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992). Here, it is logically impossible for the greater weight of the evidence to support the trial court’s finding that Appellant violated the terms of his probation in case no. 89-3246 when Appellant was never even placed on probation in that case. Therefore, the orders revoking probation and sentencing Appellant in case no. 89-3246 must be reversed.
Further, we agree with Appellant that the order imposing special public defender attorney’s fees in case no. 89-3246 must also be reversed. A court may assess fees against a defendant it determines to be guilty of a criminal act. § 27.56, Fla. Stat. (1995). Because we must vacate the order finding Appellant guilty of violating his probation in case no. 89-3246, the order imposing fees in that case must also fall.
Accordingly, we reverse the orders revoking probation and assessing special public defender attorney’s fees in case no. 89-3246 *423 and vacate the order sentencing Appellant in case no. 89-3246.
REVERSED.
KLEIN and SHAHOOD, JJ., concur.