731 So.2d 86 (1999)
Ronnie James DASSAU, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1299.
District Court of Appeal of Florida, Third District.
April 7, 1999.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Wendy Benner-Leon and Richard L. Polin, Assistant Attorneys General, for appellee.
Before NESBITT, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
We reverse the order revoking Ronnie James Dassau's community control finding that the state did not meet its burden of establishing that the violations alleged were willful and substantial. See Howard v. State, 484 So.2d 1232 (Fla. 1986); Smith v. State, 705 So.2d 1033 (Fla. 3d DCA 1998); Benavides v. State, 679 So.2d 1195 (Fla. 3d DCA 1996). Inept or negligent conduct is insufficient to demonstrate a willful violation. See Thomas v. State, 672 So.2d 587 (Fla. 4th DCA 1996); Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992). See also Jackson v. State, 622 So.2d 1027 (Fla. 4th DCA 1993)(merely asserting defendant not at home insufficient to establish defendant was not at approved activity).
In this case, it would appear community control is serving its purpose: Dassau was holding two jobssanctioned by his previous community control supervisor; he was supporting his family, including his severely ill premature infant; and he was not engaged in any criminal activity. The state failed to present competent substantial evidence to support the alleged violations.
Based on the foregoing, the revocation order and sentence are reversed and the cause remanded for further consistent proceedings.
Reversed and remanded.