744 So.2d 543 (1999)
Russell A. BLUE, Appellant,
v.
STATE of Florida, Appellee.
No. 99-354.
District Court of Appeal of Florida, First District.
October 20, 1999.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Russell A. Blue (Blue) seeks review of an order revoking his probation and sentencing him to prison. In an earlier appeal in this same case, Blue was successful in setting aside a judgment, sentence, and order revoking probation. This court, in Blue v. State, 702 So.2d 638 (Fla. 1st DCA 1997), said:
The trial court erred by revoking appellant's probation for violation of a condition which was added without a hearing and without representation of counsel.
The order of modification entered on May 3, 1996, is VACATED. The order of revocation of probation entered on November 19, 1996, nunc pro tunc November 4, 1996, is also VACATED. The judgment and sentence entered on November 4, 1996, are REVERSED.
Blue, 702 So.2d at 638 (citations omitted). The trial court, in response to Blue, entered an ex parte order on January 23, 1998, directing that Blue be released from prison instanter and returned to probation. Blue was promptly released from prison and did not receive notice of entry of the order reinstating him to probation.
Blue committed a new offense within thirty days after his release from prison. The record of the probation revocation hearing indicates that Blue, once he was released from prison, reported to a probation officer who told him that there was no record of his probationary status. Blue testified that he was led to believe that he was not on probation. The probation officer testified at the revocation hearing and corroborated Blue's testimony. The trial court, reasoning that the mandate from this court issued in Blue automatically reinstated the prior order of probation, revoked Blue's probation and sentenced him to eight years in prison with credit for time served.
*544 Blue argues that he could not have willfully violated his probation when he did not know that he was serving a probationary term. We agree that Blue could not have willfully violated a condition of a probation when he was unaware that he was on probation. Accordingly, we reverse both the order revoking probation and the judgment and sentence entered by the trial court, and remand with instructions to reinstate Blue to his original term of probation.
REVERSED and REMANDED with instructions.
JOANOS, LAWRENCE and VAN NORTWICK, JJ., CONCUR.