PER CURIAM.
We have for review Tillman v. State, 718 So.2d 944 (Fla. 3d DCA 1998), wherein the Third District Court of Appeal affirmed Curtis James Tillman’s violent career criminal sentences[1] based on its prior decision in Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997). In so affirming, the Tillman court certified conflict with the Second District Court of Appeal’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998). We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our decision in State v. Thompson, 750 So.2d 643 (Fla.1999), in which we held unconstitutional chapter 95-182, Laws of Florida, as violative of the single subject rule, we quash the decision below and remand for resentencing in accordance with the valid laws in effect on October 22, 1996, the date on which Tillman committed the underlying offenses in this case.[2] See Thompson, 750 So.2d at 649 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed her offenses).
It is so ordered.
*678 HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. The trial court’s oral pronouncement at the sentencing hearing clearly shows that Tillman was sentenced as a violent career criminal:
The jury having found you guilty of the petit theft, and assault, both lesser included offenses, the Court is going to hereby adjudicate you guilty of those and give you credit for time served.
Regarding the two counts of aggravated assault with a deadly weapon, Count one and three for which you have been convicted, the Court is hereby going to adjudicate you on those counts, and sentence you in accordance with the statute [section 775.084] to 15 years as a violent career criminal, with a minimum mandatory of ten years, and that will be concurrent with one another.
Record on Appeal at 60; accord § 775.084(4)(c), Fla. Stat. (Supp.1996) (setting forth permitted sentences for those qualifying as violent career criminals). However, the written sentencing order entered by the trial court indicates that Tillman was sentenced on his two convictions for assault with a deadly weapon as a habitual violent felony offender. See Record on Appeal at 42. The written sentencing order is inconsistent with the oral sentencing pronouncement; in such a situation, the oral pronouncement controls. See, e.g., State v. Williams, 712 So.2d 762, 764 (Fla.1998) (citing Justice v. State, 674 So.2d 123, 125 (Fla.1996), for the proposition that "there is a judicial policy that the actual oral imposition of sanctions should prevail over any subsequent written order to the contrary”); Driver v. State, 710 So.2d 652, 653 (Fla. 2d DCA 1998) (stating that "[w]hen a written order does not conform to the trial court's oral pronouncement, the oral pronouncement controls”).

. Based on our decision in Salters v. State, 758 So.2d 667 (Fla.2000), we determine that Tillman has standing to challenge chapter 95-182, Laws of Florida, on single subject rule grounds. Further, even though Tillman failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).