HAZOURI, J.
The trial court found that Ronald Bonner violated his community control by having contact with children under the age of 18 years without adult supervision and sentenced him to 260 days in the county jail with credit of 260 days for the time served pending the hearing on the violation. The trial court also reinstated the original community control with all the previously imposed conditions.
Under the terms of his community control, Bonner lived in his mother’s home. With the knowledge and approval of his probation officer, Bonner lived in the same home with children under the age of eighteen. The probation officer made a point of instructing the adults in the home, including Bonners’s mother, that if Bonner was in a room with children, an adult must be present in the room.
On January 17, 2000, Bonner’s probation officer arrived at the aforementioned home. He knocked on the door and heard children running inside. Bonner, an overweight individual with physical ailments which slowed his mobility, answered the door within approximately five minutes. The two men went to Bonner’s mother’s bedroom where there were four young children watching television and Bonner’s mother had fallen asleep on her hospital bed. When Bonner answered the door, the children were in his mother’s bedroom.
The probation officer testified he told Bonner that the adult supervisor must be awake and alert when children are present. He concluded that because Bonner’s mother was asleep there was no adult supervision and Bonner was in violation of the special condition. We find the fact that Bonner’s mother was asleep cannot be a basis for violating Bonner’s community control. The evidence does not show that Bonner was in the same room with the children. The children were in the living room when the probation officer knocked and then they were in the bedroom with Bonner’s mother. The probation officer concluded that Bonner was with the children when he arrived because he heard children running by the front door. This conclusion is pure speculation because the probation officer did not see or hear Bonner with them. The probation officer testified that he violated Bonner because the mother was not an acceptable supervisor because she was sleeping and no other adults were present. He reasoned that the adult supervisor must be awake and alert when Bonner is in the home and children are present.
If we follow that reasoning, then if Bonner, who is required to remain in the house twenty-four hours a day as a condition of his community control unless engaged in approved employment, goes to bed for the night and so does the rest of the family, adults and children, then every night when the household goes to sleep, Bonner is in violation of the special condition. Such reasoning leads to nonsensical results.
In order for a violation of a condition of probation or community control to trigger a revocation, the violation must be willful and substantial, and must be proven *1199 by the state by the greater weight of the evidence. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). In the instant case, there was no evidence presented to support a violation of Bonner’s condition of community control much less to show that there was a willful and substantial violation.
We, therefore, reverse and vacate the order of revocation and direct the trial court to enter an order crediting the 260 days of incarceration toward Bonner’s community control and if that has expired, then crediting the time to his period of probation.
REVERSE AND REMAND.
WARNER, C.J., and STEVENSON, J„ concur.