POLEN, C.J.
Willie James Buckins timely appeals from an order revoking his probation for violating conditions number five and fourteen of his probation. He argues that the revocation of his probation was improper because condition number five was not set forth by the written probation order, and the state failed to prove a willful, substantial, and material violation of condition number fourteen. We agree with the latter argument, but remand only for correction of the judgment setting forth the grounds for revocation of his probation.
In 1998, Buckins pled nolo contendere to aggravated assault with a deadly weapon (Count I) and battery (Count II). He was sentenced to six months in prison to be followed by one year on drug offender probation on Count I, and to eighty-five days time served on Count II. Condition number five required him to not violate any law and condition number fourteen required him to complete the next available twenty-six week batterers intervention program. Thereafter, in October, 1999, after finding that Buckins violated condition fourteen, the court extended his probation seven months to terminate in May, 2000.
On February 25, 2000, the state filed an affidavit of probation alleging that Buckins violated condition numbers five and fourteen of his probation. Specifically, the state alleged that Buckins violated condition number five by having possession of cocaine, as evidenced by a urinalysis. Although the trial court did not set forth a random urinalysis condition in the written order of probation, it is undisputed that the court had orally ordered that special condition. The state also alleged that Buc-kins violated condition number fourteen by failing to complete the batterers intervention program and had not provided documentation or clarity from the court as to the deletion of this program condition.
At the evidentiary hearing, Buckins stipulated that his urinalysis tested positive for cocaine. Vivian Bryant, Buckins’ probation officer, testified that she instructed Buckins on the terms and conditions of his probation, including the drug offender conditions. Specifically, she told him that condition number five required him not to violate any law and that a positive drug test is an automatic violation of that condition. Buckins, in response, told her that he understood these conditions and, thereafter, submitted to monthly urinalyses before he was tested positive for cocaine.
Bryant also testified that Buckins had completed an anger management course, which was comparable to the mandated batterers intervention program, at the Comprehensive Alcoholism Rehabilitation Programs, Inc. (“CARP”) treatment facility. She also forwarded to the court his request to modify his probation to allow substitution of the CARP anger management course in lieu of the batterers intervention program, and also forwarded to the court a letter from the treatment center that showed the similarity between the two courses. At the time of the probation revocation hearing, the court had not yet approved, or even had a hearing on, Buc-kins’ request for modification. Bryant testified that she only violated him on condition number fourteen because she was already violating him on condition number five and, since the court had not yet ruled on his request for modification, he was technically in violation of condition number fourteen.
At the conclusion of trial, the court found that Buckins willfully violated condition number five by testing positive for *1186 cocaine via the urinalysis, and also condition number fourteen by failing to complete the batterers intervention program. It, therefore, revoked his probation and sentenced him to 23.4 months in prison. This timely appeal follows.
We hold the trial court properly found that Buckins violated condition number five by failing his urinalysis. “[A] probationer, who has accepted the conditions of his or her probation, is not permitted to challenge one of the conditions of probation after probation has been revoked for a violation of that condition.” Matthews v. State, 736 So.2d 72, 74 (Fla. 4th DCA 1999) (citations omitted). Here, the record shows that Buckins accepted the orally imposed[1] random urinalysis condition by submitting to monthly urinalyses. It also shows that Bryant previously explained to him that a failed urinalysis would constitute a violation of condition number five. Because Buckins previously accepted the orally imposed condition, he cannot now complain that he may not be convicted for violating it. See Brown v. State, 305 So.2d 309, 310 (Fla. 4th DCA 1974).
 Although Buckins violated probation condition number five, we hold that the trial court erred by finding that he willfully and substantially violated condition number fourteen by failing to complete the batterers intervention program. Probation cannot be revoked for failing to attend a required program absent a showing that the failure to attend was a product of a knowing and willful act by the defendant, and not merely the result of negligence or ineptitude. See Stevens v. State, 599 So.2d 254, 255 (Fla. 3d DCA 1992). Here, the record shows that Buckins had not yet enrolled in the batterers intervention program because he was waiting for the court to rule on his request for modification to substitute the CARP anger management program in its place. It also shows that the CARP program and the batterers program are comparable. Because Buckins completed a similar program to what was required by the terms of his probation, and because his delaying action to enroll in the batterers program appears to have been the result of negligence, we hold that he did not willfully or substantially violate condition number fourteen. See Salzano v. State, 664 So.2d 23, 24 (Fla. 2d DCA 1995); Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990). Thus, revocation on this ground was inappropriate. See Scott v. State, 485 So.2d 40 (Fla. 2d DCA 1986)(holding where defendant made reasonable effort to comply with community control, violation was not willful).
 Nevertheless, we affirm the revocation. Unlike the mere technical violation of condition fourteen, his violation of condition five of his probation was a material, willful, and substantial violation. A violation which is both willful and substantial triggers a revocation of probation. Bourassa v. State, 684 So.2d 869 (Fla. 2d DCA 1996).
AFFIRMED in part; REVERSED in part and REMANDED with directions to correct the written judgment by deleting condition fourteen as a ground supporting revocation.
STONE and GROSS, JJ., concur.

. Although this condition was not set forth in the written order of probation, where the written sentencing order is inconsistent with the oral sentencing pronouncement, the oral pronouncement controls. Tillman v. State, 759 So.2d 677, 677 n. 1 (Fla.2000).