896 So.2d 805 (2005)
Jerry WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D03-4512, 4D03-4513.
District Court of Appeal of Florida, Fourth District.
February 9, 2005.
Rehearing Denied March 29, 2005.
Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In these consolidated appeals, appellant seeks review of the trial court's order revoking his probation and imposing concurrent sentences of 24.07 months imprisonment. Appellant contends that the trial court erred in revoking his probation because the state failed to present sufficient *806 evidence to demonstrate his probation violations were willful and substantial. We agree and reverse.
The charges contained in the affidavit of violation of probation alleged that appellant violated probation in each case by changing his residence without the consent of his probation officer and failing to file his monthly report for May 2003.
Only appellant and his probation supervisor testified at the hearing. The probation supervisor testified that he personally instructed appellant as to the terms of his probation, including the requirement that appellant obtain permission prior to moving, and appellant understood the terms. He also testified that when he visited appellant's home he found the house vacant with no furniture inside and no cars in the driveway. The probation supervisor further testified that he did not learn of appellant's location until about a month later, when appellant came to his office and reported that he was living on the street because his girlfriend kicked him out. According to the probation officer, appellant did not tell him that he had been evicted from his home. Appellant also failed to file a report with his probation officer for the month of May.
Appellant testified that he left his home after he and his girlfriend were evicted for failing to pay rent. He claimed that right after he was evicted he told the "officer of the day" at the probation office that he was homeless.
The reports contained in appellant's probation file were entered into evidence. The report submitted for the month of June stated that appellant had a disagreement with his girlfriend and was looking for a new place. The report submitted for the month of August stated that appellant was going to missions for food.
It is well settled that "[p]robation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation." Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992) (citations omitted). The violation "must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence." Id. (citations omitted). The standard of appellate review "of an order of probation revocation is whether the trial court abused its discretion." Id. (citation omitted).
The evidence before the court clearly showed that appellant failed to file a report for the month of May. However, the evidence showed that appellant continually reported to the probation office. Each monthly report before and after May 2003 is acknowledged. The failure to file one monthly report, having reported prior to and subsequent to that date, does not constitute a willful and substantial violation of the terms of appellant's probation. See Moore v. State, 632 So.2d 199, 199 (Fla. 1st DCA 1994).
With regard to the allegation that appellant moved without permission, although there was testimony that appellant did, in fact, move without prior notification to his probation supervisor, there was also evidence that appellant was forced to leave his residence and was living on the street. Although it is up to the trial judge to weigh the evidence and determine the credibility of the witnesses, Demps v. State, 462 So.2d 1074, 1075 (Fla.1984), the record does not reveal that appellant's homelessness was intentional. Consequently, he cannot be said to have willfully failed to first obtain his probation supervisor's consent before changing his residence. See Thomas v. State, 672 So.2d 587, 589 (Fla. 4th DCA 1996) (finding defendant did not willfully fail to obtain his probation officer's consent before changing his residence because there was no evidence *807 that defendant had prior notice that he was being discharged from residence); Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002) (finding state failed to demonstrate that defendant willfully violated probation by moving without consent where unrebutted evidence demonstrated that defendant was forced to move with only one day's notice and defendant's attempts to reach probation officer prior to move were unsuccessful).
REVERSED AND REMANDED with directions to dismiss violations of probation.
FARMER, C.J., SHAHOOD, J., and GREENE, CHARLES M., Associate Judge, concur.