963 So.2d 311 (2007)
Robert JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3082.
District Court of Appeal of Florida, Fourth District.
August 15, 2007.
*312 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
The trial court revoked appellant's probation for failing to report to his probation officer, for leaving the county of his residence, and for a new criminal violation. Because the record shows that appellant reasonably believed that he was not on probation when he was released from prison and his supervising officer never instructed him on the conditions of his probation, no willful violation was proved. We reverse.
Jenkins pled no contest to uttering a forged instrument for which he was sentenced to two years in prison, with credit for time served, and six months' probation. At his sentencing hearing, the prosecutor explained that the probation term was to ensure that Jenkins paid restitution of $280. The court specifically stated that probation could terminate after he paid restitution.
Prior to being released from prison, Jenkins was on work release. A percentage of the money he earned was allocated to pay fees, fines, costs, and restitution owing to his probation. Although there is a discrepancy as to the full amount owed, from the record it appears that the Department of Corrections took out $1,200 from his pay for his restitution obligation and other costs assessed at sentencing. This amount was greater than either of the conflicting amounts from the court documents. Based upon the amount the DOC had deducted from his pay, Jenkins thought he had fully paid the restitution amount.
Jenkins obtained an early release from prison. As such, he was placed on conditional release but he was also subject to probation. Scott Kraich, Jenkins' supervising probation officer, first met with Jenkins on November 8, 2005. During the meeting, Kraich instructed Jenkins about the terms of Jenkins' conditional release,[1] including that Jenkins could not leave Osceola County, the county of his residence, without consent. Kraich did not discuss Jenkins' probation conditions, as he was not aware at the time that Jenkins was on probation. He did not know Jenkins was on probation until later when he received paperwork from St. Lucie County. Therefore, it is clear that Kraich did not advise Jenkins of his probation conditions.
During the November meeting, Kraich told Jenkins to report back for his monthly appointment for "parole" on December 2, but Jenkins failed to do so. Jenkins explained *313 that he did not show up because, "I was on parole, conditional release and I knew if I violated that I would just go back to prison for my gain time and I'd be done and over with it. . . ." As a result, Jenkins indeed did return to prison and served the amount of his gain time.
On January 12, 2006, a warrant for violation of probation was issued alleging that Jenkins violated his probation by failing to report to his probation officer on December 2, 2005 as directed; leaving the county of his residence without permission on December 24, 2005; violating the law by committing the offense of delivery of cocaine on December 24, 2005; possessing unprescribed drugs or narcotics by delivering cocaine; and failing to carry out an instruction to report to the probation office on December 2, 2005. Jenkins defended the charges, claiming that he did not know he was on probation. The court disagreed and found that Jenkins had violated his probation by failing to report, leaving the county of his residence, and committing the criminal violation. The court revoked probation and sentenced Jenkins to five years in prison, with credit for time served. He appeals.
The standard of review of a trial court's revocation of probation is whether the court abused its discretion. Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). "Probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation." Id. "Moreover, a violation which triggers a revocation of probation must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence." Id. The state has the burden to establish that the probationer willfully violated the terms of his probation. Id. "The determination of whether a violation of probation is willful and substantial is a question of fact and will not be overturned on appeal unless the record shows that there is no evidence to support it." Davis v. State, 796 So.2d 1222, 1225 (Fla. 4th DCA 2001).
A probationer cannot be found in willful violation of probation if he does not know he was on probation. In Blue v. State, 744 So.2d 543 (Fla. 1st DCA 1999), Blue was released from prison but was never notified that he was on probation. He reported to a probation officer who told him he could find no record of his probationary status. When he subsequently committed a new offense, the state filed an affidavit for violation of probation. Although the trial court revoked probation, the appellate court reversed, concluding that Blue could not have willfully violated a term of probation that he did not know had been imposed.
In this case, Jenkins knew from his sentencing proceeding that he would be on probation, but that it would be terminated when he paid restitution. Because the amount taken out of his pay during his work release from prison was greater than the amount owed for restitution, Jenkins reasonably believed that he satisfied his probation obligation. When he was released, he reported for instructions on his conditional release, but his supervising officer testified that he did not know Jenkins was on probation. Therefore, the officer could not have instructed him and did not instruct him on his probationary terms. Thus, Jenkins reasonably believed that the officer's instruction to report on December 2, 2005, was for the purposes of conditional release, not probation. Jenkins knew the consequence of violating the terms of his conditional release was to return to prison to serve his gain time. Not knowing that he was still considered on probation, he could not have intentionally violated probation by failing to report, by leaving his *314 residence county, or by committing a new law violation.
Because the facts of this case do not support a willful violation of probation, we reverse for reinstatement of probation. Jenkins may request early termination of probation in accordance with the court's oral sentencing pronouncement if Jenkins has already paid his restitution.
Reversed.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Throughout the hearing on the violation of probation, the supervising officer and the parties erroneously referred to Jenkins' conditional release as "parole."