830 So.2d 920 (2002)
Scott RIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4786.
District Court of Appeal of Florida, Fourth District.
November 20, 2002.
*921 Benjamin S. Waxman and Alan S. Ross of Robbins, Tunkey, Ross, Amsel, Raben, Waxman & Eiglarsh, P.A., Miami, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Scott Riggins challenges the circuit court order revoking his probation. In May of 2001, Mr. Riggins pleaded no contest to a charge of aggravating stalking. He was sentenced to probation and specifically ordered to have no contact with Carolyn Riggins. Less than one month after sentencing, Mr. Riggins was seen outside the home of Carolyn Riggins. On the same day, Mr. Riggins also placed a telephone call to Ms. Riggins' home.
The trial court found that Mr. Riggins materially, substantially, and willfully violated the terms of his probation and thereby revoked his probation and sentenced him to the Department of Corrections for five years. We agree with the findings of the trial court and affirm the revocation of probation.
Probation may only be revoked upon a showing that the probationer deliberately and willfully violated one or more conditions of probation. Jones v. State, 730 So.2d 349 (Fla. 4th DCA 1999). The determination of whether a violation of probation is willful and substantial is a question of fact and will not be overturned on appeal unless the record shows that there is no evidence to support it. See Davis v. State, 796 So.2d 1222 (Fla. 4th DCA 2001).
In reaching our conclusion we once again recognize that the trial court is in the best position to evaluate the credibility of witnesses and on appeal we are obligated to give great deference to the findings of the trial court. See Porter v. State, 788 So.2d 917 (Fla.2001) ("We recognize and honor the trial court's superior vantage point in assessing the credibility of witnesses and in making findings of fact."); D. Children v. Department of Children and Families, 820 So.2d 980 (Fla. 4th DCA 2002) ("Deference to the trial court is necessary where evidence conflicts and the trial court is in the best position to judge the credibility of the witnesses in making findings of fact.").
We find Mr. Riggins' argument, that he did not know what "no contact" meant, unpersuasive. Moreover, we find it relevant that the underlying charge giving rise *922 to the no contact order was aggravated stalking due to Mr. Riggins' offensive contact with Ms. Riggins.
In conclusion, the record contains substantial competent evidence supporting the conclusion reached by the trial court. As a result, we hereby affirm the decision of the trial court revoking Mr. Riggins' probation.
POLEN, C.J., GUNTHER and MAY, JJ., concur.