STEVENSON, J.
In 1994, after being charged with lewd assault on a child under sixteen, Marvin A. Castro entered into a negotiated plea that resulted in a jail sentence followed by probation. A trial judge found that Castro willfully and substantially, violated the terms - and conditions of that probation by failing to file the required monthly report for nearly a year. We affirm.
The evidence at the VOP hearing established that when Castro reported to his probation officer in February 1998, he was arrested and taken into custody by INS for deportation. In May of 1998, however, Castro was released on bond. Despite having been five times instructed on the terms and conditions of his probation, including the reporting requirement, Castro failed to file any monthly reports after being released. In fact, Castro had no contact with his probation officer until the probation officer sought him out in August 2000.
Castro did not testify at the probation violation hearing. The probation officer indicated that Castro had explained his failure to report by stating that his parents had spoken with someone at the probation office who told them that if their son had bonded out with INS, he was now an INS ease and “had no responsibility with us.” Castro could not, however, provide the name of the person that his parents had spoken with and acknowledged that he never attempted to verify the information. Further, there were no notations in Castro’s progress notes reflecting any such call or visit. The probation officer did *1256 acknowledge that the progress notes included a notation that read “TR to non reporting status,” but explained that this was an internal record notation and not something that Castro would have been made aware of.[1]
In order for a defendant’s probation to be revoked, the violation of the terms and conditions must be willful and substantial. See, e.g., Stevens v. State, 823 So.2d 319, 320 (Fla. 2d DCA 2002). As our supreme court recently noted in State v. Carter, 835 So.2d 259, 261 (Fla.2002), “probation reports are not merely technical niceties and the failure to report is a serious violation of the privilege of probation.” The failure to file the required monthly reports for a year clearly constitutes a substantial violation.
The only question, then, is whether the violation was willful. On this issue, the trial judge was faced with weighing the credibility of Castro’s claim that his parents had been told that he was no longer required to report against (1) Castro’s inability to provide the name of the person who allegedly relieved him of his obligation to report; (2) the absence of any notation or record in Castro’s probation file of the inquiry allegedly made by Castro’s parents; and (3) Castro’s having previously been instructed five times that he was required to file a monthly report. The trial judge resolved this credibility determination against Castro and we will not interfere with that decision on appeal. See Riggins v. State, 830 So.2d 920, 921 (Fla. 4th DCA 2002).
AFFIRMED.
STONE, J., concurs.
WARNER, J., dissents with opinion.

. The testimony of the probation officer on direct examination surrounding the notation was as follows:
Q: .,. [C]ould you explain to the judge what [TR to non reporting] means?
A: .TR refers to transaction, transaction register and that is a document which results in an entry into the computerized record, indicating in this case that he was in a non reporting status. And we do that when someone goes into custody.
Q: Okay. Does that mean that the defendant was told on that day, that he was in a non reporting status?
A: No, it doesn’t.
Q: And what does it mean, specifically, then?
A: Well, after, well, within like twenty four hours after the day that he was arrested in the office, that notation was completed, it's a records keeping, you know, notation. And there would be no reason to notify anyone about that. It's just our records.