WEBSTER, J.,
dissenting.
In my opinion, the probation officer’s testimony that appellant changed her residence without permission despite the fact that she knew she was required to obtain permission before moving was sufficient to support the revocation of probation. The *701 issue of willfulness was one of fact for the trial court. The trial court obviously did not believe the testimony offered by appellant in support of her position that the violation was not willful, as it was entitled to do. See, e.g., Riggins v. State, 830 So.2d 920, 921 (Fla. 4th DCA 2002) (stating that the trial court is in the best position to evaluate the credibility of witnesses and the appellate court must give “great deference” to trial court findings). It is not our job to retry cases on appeal, substituting our judgment for that of the trial court merely because we disagree with the trial court’s resolution. See Hemingway v. State, 762 So.2d 957, 959 (Fla. 4th DCA 2000). Accordingly, I dissent.