PER CURIAM.
David Leroy Wharton appeals from the judgment and prison sentence imposed after the circuit court found that he had violated his sex offender probation. Wharton contends that his violation was not willful, and the record supports his contention. The State concedes error. Accordingly, we reverse and remand for Wharton’s probation to be reinstated.
In 2004, Wharton entered guilty pleas to two counts of sexual battery and two counts of lewd or lascivious molestation. Before he entered his pleas, Wharton was examined by mental health experts who found that he had several mental and emotional deficits, including mental retardation. Furthermore, his formal education was limited, and he could not read or write. After Wharton was found competent to proceed, his pleas were accepted, and he was sentenced to ten years in prison to be followed by five years of probation. He was also declared a sexual predator.
Wharton was released from prison and began serving his probátion in September 2012. A few months later, in January 2013, an affidavit of violation of probation was filed alleging that Wharton violated condition 3 of his probation by leaving Pasco County without first obtaining the consent of his probation officer. In addition, he allegedly violated condition 10 by entering a park — Hillsborough State Park — where children gather. These violations, occurring on the same day, came to the attention of Wharton’s probation officer through review of the electronic monitoring GPS points on his ankle bracelet.
At the hearing on the violation of probation, Wharton did not contest the fact of either allegation. Rather, he contended that his violations were not willful, and the evidence supported his contention that he was not aware that he had left Pasco County. He was cared for by his sister, who took him with her on an errand to visit a sick friend. She did not inform him where they were going, and he never left her sight. Wharton testified that signs indicating that they were entering Hills-borough State Park did not alert him that he was in violation of his probation because he cannot read. Although the GPS monitor reports demonstrated that he was in Hillsborough County for forty minutes, Wharton did not intentionally either leave Pasco County or enter Hillsborough State Park. No evidence was presented to contest Wharton’s testimony that his viola *634 tions were not willful. Nevertheless, the circuit judge revoked his probation and sentenced him to fifty years in prison, with credit for time served.
Probation can be revoked upon a finding that a violation is willful and substantial. Parker v. State, 980 So.2d 1223, 1224 (Fla. 2d DCA 2008). On review of an order of revocation of probation, the appellate court first examines whether competent substantial evidence supports the trial court’s finding of a willful and substantial violation. Savage v. State, 120 So.3d 619 (Fla. 2d DCA 2013). In this case the trial court’s finding is not supported. And, in conceding error, the State pointed out that it is the State’s burden to prove by the greater weight of the evidence that the probation violation is willful and substantial. See Hines v. State, 789 So.2d 1085, 1086 (Fla. 2d DCA 2001). The State did not carry its burden in this case, and, as a result, the trial court abused its discretion in revoking Wharton’s probation. See Savage, 120 So.3d 619.
Because no evidence demonstrated that Wharton committed willful violations, we reverse the order of revocation and remand for the trial court to reinstate Wharton on probation within thirty days of the issuance of the mandate in this case.
Reversed and remanded.
CASANUEVA, CRENSHAW, and BLACK, JJ., Concur.