NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROYAN L. HUGAN, )
)
Appellant, )
)
v. ) Case No. 2D15-2582
)
STATE OF FLORIDA, )
)
Appellee. )
)

Opinion filed April 27, 2016.

Appeal from the Circuit Court for Sarasota
County; Debra Johnes Riva, Judge.

Howard L. Dimmig, II, Public Defender,
and Judith Ellis, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin, Assistant
Attorney General, Tampa, for Appellee.

SLEET, Judge.

Royan L. Hugan appeals from the order revoking his community control

and the resulting ten-month jail sentence. Because the trial court's finding that Hugan

committed a willful and substantial violation of his community control was not supported

by competent substantial evidence, we reverse.

Hugan entered a nolo contendere plea to carrying a concealed firearm on January 27, 2015, in exchange for a one-year sentence to community control and a withhold of adjudication. On April 10, 2015, the State filed a violation affidavit alleging that Hugan failed to comply with the conditions of his community control when his community control officer performed a compliance check at his residence and he failed to answer the door.

At the violation hearing, Hugan's community control officer testified that he was unable to make contact with Hugan at his residence on April 2, 2015. The community control officer stated that he arrived at the home and knocked on the door between 12 and 1:00 a.m. but that Hugan did not answer. Pursuant to the conditions of his community control, Hugan was only allowed to be outside of his residence for approved work or community service shifts. The community control officer admitted that he had received evidence that Hugan was not at home because he was working an extra shift that night but that he had not followed up with Hugan's employer to confirm. The community control officer also testified that Hugan was otherwise compliant with the terms of his supervision and that he was making significant progress on his community service hours with a local church.

Hugan testified that he was approved by his community control officer to work from 11 a.m. to 8 p.m. on April 1, 2015. He explained that while at work he was offered an overtime shift to work from 8 p.m. to 7 a.m. on April 2. He tried to call his community control officer on his break at 10 p.m. but left a message because his community control officer did not answer. Hugan admitted that he may have called the wrong number because he was using someone else's phone. The State did not dispute that Hugan was at work when his community control officer performed the house check;

instead it argued that regardless of his whereabouts, Hugan's absence from his home was a substantial and willful violation of the terms of his community control because he did not have approval from his community control officer. The court found that Hugan substantially and willfully violated the terms of his supervision, revoked his community control, adjudicated him guilty, and sentenced him to ten months in jail.

When making the decision to revoke a defendant's community control, the trial court must determine whether the State has proven a substantial and willful violation by the greater weight of the evidence. Filmore v. State, 133 So. 3d 1188, 1193 (Fla. 2d DCA 2014). On appeal this court reviews the trial court's finding of a substantial and willful violation for competent substantial evidence and the court's decision to revoke probation for an abuse of discretion. Savage v. State, 120 So. 3d 619, 621-23 (Fla. 2d DCA 2013).

In this case, the parties did not dispute that Hugan was not at home when the community control officer knocked on his door because he was working an extra shift overnight. As in Filmore, the evidence presented at the hearing was that Hugan was engaged in an approved activity; "[t]he only problem was that he performed this . . . act outside the window of time in which this activity was supposed to occur." Filmore, 133 So. 3d at 1193. Hugan's failure to contact his community control officer about the extra shift was at worst due to his own negligence, and "[a] violation of probation will not be found where the violation is due to negligence or ineptitude." Id. at 1193-94 (quoting Garcia v. State, 701 So. 2d 607, 609 (Fla. 2d DCA 1997)); see also Molina v. State, 520 So. 2d 320, 321 (Fla. 2d DCA 1988) (holding that a defendant's technical failure to comply with the terms of his probation did not amount to a substantial and willful violation); Riddle v. State, 755 So. 2d 771, 773 (Fla. 4th DCA 2000) (explaining that

- 3 -

"[h]owever inept and negligent [appellant's] conduct," it did not amount to a willful or deliberate violation of his community control (alterations in original) (quoting Stevens v. State, 599 So. 2d 254, 255 (Fla. 3d DCA 1992))). There was no evidence that Hugan's technical violation of the terms of his community control was a result of his reckless disregard for the terms of his supervision or that he was unfit for continued supervision. "[C]ommunity control should not function as a thinly disguised trap whereby the controlee's slightest misstep results in revocation and a substantial prison term at the whim of the controlee's community control officer." Filmore, 133 So. 3d at 1194.

Because the State failed to prove that Hugan's technical violation was substantial and willful, the trial court's revocation of his community control was an abuse of discretion. Although it appears that Hugan may have fully served his sentence and been released from county jail, we decline to dismiss this appeal as moot since there may be significant collateral consequences stemming from the unlawful revocation of his community control and adjudication of guilt. See Bush v. State, 135 So. 3d 1108, 1110-11 (Fla. 2d DCA 2013) (on motion for rehearing). Accordingly, we reverse the order revoking Hugan's community control and the subsequent jail sentence. Because Hugan has already served a sentence in excess of his original twelve-month sentence, we remand for the trial court to vacate the jail sentence and to reinstate but immediately terminate Hugan's community control.

Reversed and remanded with instructions.

CASANUEVA and SALARIO, JJ., Concur.