DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH PATRICK DIMAIO SR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-607

[June 29, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312009CF000912A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

PERLMAN, SANDRA, Associate Judge.

Appellant Joseph Dimaio appeals from the order revoking his probation and sentencing him to an eight-year prison sentence. Because the trial court's finding that Dimaio committed a willful and substantial violation of his probation is not supported by competent substantial evidence, we reverse.

In October 2011, the trial court sentenced Dimaio to ten years of probation for second-degree grand theft. Condition 3 of his probation ordered him as follows: "You will remain in a specified place. You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer." In July 2014, the state filed an affidavit of violation of probation, alleging that Dimaio violated his probation by changing his residence without first procuring his probation officer's consent.

At the violation hearing, Dimaio's probation officer testified that she began supervising Dimaio on July 10, 2014. The probation officer testified

that Dimaio previously requested permission to move from the Quality Inn to the Best Western, and she had given him permission to do so. On July 22, 2014, the probation officer knocked on Dimaio's room number at the Best Western, but there was no answer. When she asked for Dimaio at the front desk, the clerk told her Dimaio had checked out on July 15. The probation officer testified she had not given him permission to check out and change his residence. The probation officer left a message on Dimaio's cell phone to call her as soon as possible. She did not have any record that Dimaio left any messages indicating that he was moving.

Dimaio testified that he moved out of the Best Western on July 15. In the evening, he became ill and reported to St. Joseph's Hospital. Dimaio claimed that when he checked out, he left a message at the probation office with the secretary or the administrator. Dimaio explained that he went to the hospital because he had "neuropathy" in his legs and he was not able to stand steadily. He admitted that part of the reason that he went to the hospital was because he had been consuming alcohol, but denied that he was drunk. After two days at St. Joseph's Hospital, Dimaio went back to the Best Western and then went to Memorial Hospital. After that, he went to Town and Country Rehab for three weeks, which is located at Memorial Hospital. Then, he went to Madison Rehabilitation Center in New Port Richey. Dimaio claimed he left messages for his probation officer when he went to Memorial Hospital. The staff at Town and Country Rehab Center took his cell phone, so he could not do anything more to make his probation officer aware of his whereabouts. Dimaio admitted he did not receive permission from his probation officer before he went to rehab.

The State argued that because Dimaio checked out of the Best Western hotel when he left for the rehabilitation center, he changed his residence without permission from his probation officer and therefore committed a substantial and willful violation of probation. The trial court found that Dimaio substantially and willfully violated the terms of his supervision, and the court thus revoked his probation and sentenced him to eight years in prison.

An order revoking probation is reviewed for abuse of discretion and to determine whether competent substantial evidence supports the decision. *Bauer v. State,* 96 So. 3d 1063, 1066 (Fla. 4th DCA 2012). A trial court's determination that a violation of probation is willful and substantial "will not be overturned on appeal unless the record shows that there is no evidence to support it." *Riggins v. State*, 830 So. 2d 920, 921 (Fla. 4th DCA 2002).

It is undisputed that Dimaio checked out of the Best Western hotel

before he entered into the rehabilitation facility and that he did so without permission from his probation officer. Additionally, the State does not dispute Dimaio's whereabouts when he checked out of the hotel, i.e., that Dimaio temporarily attended and participated in the rehabilitation programs as testified.

The sole issue for this court is whether temporarily attending a rehabilitation program constitutes changing one's residence within the meaning of the probation conditions when the probationer otherwise resides in a hotel.

Residence is defined as "[t]he place where one actually lives." Black's Law Dictionary (10th ed. 2014); *see also Weissbard v. State*, 764 So. 2d 842, 843 (Fla. 3d DCA 2000) (defining residence as "the place in which one lives") (quoting The American Heritage Dictionary (2d Ed. 1982)).

Prior to attending the rehab facility, Dimaio was residing at the Best Western hotel. Before that, he was residing at the Quality Inn. Dimaio neither owned a house nor rented an apartment. Dimaio's choice of residence was hotels. Had Dimaio owned a home or rented an apartment, temporarily attending a rehabilitation program would not be considered "chang[ing] your residence" because he would be returning to his house or apartment. In this case, because Dimaio's residence was a hotel, in order to keep his room, he would have had to continue to pay for it while he was temporarily attending the rehab facility. This is an unreasonable condition placed upon a person who resides in a hotel versus a home or apartment.

In *Hugan v. State*, 190 So. 3d 210 (Fla. 2d DCA 2016), the trial court revoked the defendant's community control after he was not at home during a house check because he was working an extra shift. The Second District reversed, finding "no evidence that [the defendant's] technical violation of the terms of his community control was a result of his reckless disregard for the terms of his supervision or that he was unfit for continued supervision." *Id.* at 212. The court concluded that the defendant's failure to contact his community control officer about the extra shift was at worst due to his own negligence, which would not support a violation of probation.

Similarly, in the instant case, there is no evidence that Dimaio engaged in reckless disregard for the terms of his probation or that he was unfit for continued supervision. Dimaio called as soon as his phone was returned and let his probation officer know his whereabouts. Additionally, he turned himself in when he was told there was a warrant.

3

Further, Dimaio testified that after he was released from the hospital the first time, he returned to the Best Western, thus indicating the hotel was/is his residence. No evidence in the record shows that he was not going to return to the hotel after rehab. Because he intended to keep the hotel as his residence and left only temporarily to attend rehab, no competent substantial evidence exists to show that he changed his residence.

In sum, because the State failed to prove that Dimaio committed a substantial and willful violation, the trial court's revocation of his probation was an abuse of discretion. Accordingly, we reverse and remand with instructions for the trial court to vacate the prison sentence and reinstate Dimaio's probation.

*Reversed and remanded.*

DAMOORGIAN and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

4