BLECHMAN, M., Associate Judge.
Appellant, Tevin Dashaun Archie, appeals the conviction and sentence imposed for three violations of his sex offender probation. Appellant argues that the trial court abused its discretion in finding that he willfully violated conditions 3, 17, and 25. For the reasons stated herein, we hold that the trial court erred in finding that Appellant willfully violated condition 3. Further, because it is unknown whether the trial court would have imposed the same sentence for violations of conditions 17 and 25 only, we remand for resentencing on the violations of those two conditions.
In June 2011, Appellant entered a no contest plea to one count of lewd or lascivious battery on a child age twelve to sixteen, a second-degree felony. He was sentenced to a term of 180 days in county jail, followed by five years of sex offender probation. In February 2017, the State filed an affidavit of violation of probation against Appellant for having unsupervised contact with a child under the age of eighteen without the recommendation of a qualified practitioner and approval of the sentencing court.[1] The court found Appellant guilty of violating his probation in April 2017, and reinstated his probation.
In August 2017, the State filed another affidavit of violation of probation alleging that Appellant violated conditions 3, 17, and 25.[2] Specifically, condition 3 restricted Appellant from leaving his county of residence, Marion County, without permission from his probation officer; condition 17 required Appellant to actively participate in and successfully complete a sex offender treatment program; and condition 25 required Appellant to participate in polygraph tests. Following a hearing, the trial court found, by a preponderance of the evidence, that Appellant willfully and substantially violated those conditions. It revoked Appellant's probation and sentenced him to 104 months of incarceration.
This Court reviews a trial court's decision to revoke probation for an abuse of discretion. E.g., Adams v. State, 979 So.2d 921, 925 (Fla. 2008) (citing Lawson v. State, 969 So.2d 222, 228 (Fla. 2007) ). "Probation can be revoked upon a finding that a violation is willful and substantial."
*278 Wharton v. State, 136 So.3d 632, 634 (Fla. 2d DCA 2013) (citing Parker v. State, 980 So.2d 1223, 1224 (Fla. 2d DCA 2008) ). "On review of an order of revocation of probation, the appellate court first examines whether competent substantial evidence supports the trial court's finding of a willful and substantial violation." Id. (citing Savage v. State, 120 So.3d 619, 619 (Fla. 2d DCA 2013) ).
The trial court did not abuse its discretion in finding that Appellant willfully and substantially violated conditions 17 and 25, and thus, we do not address these points. However, the trial court abused its discretion in finding that Appellant willfully violated condition 3. To support the allegation that Appellant violated this condition, the State presented that Appellant was a passenger in a friend's vehicle when he left Marion County and entered neighboring Sumter County to pick up another friend from her job. While Appellant had permission to travel outside of Marion County for work purposes, the trip to Sumter County to pick up a friend was neither work related nor sanctioned by his probation officer. The trial court was correct when it stated, "I don't think the requirement that you not leave the county, except for work purposes, has a comma after it that says 'unless it's only for twenty-five minutes when you go pick up your friend.' " However, the trial court incorrectly ruled that the evidence of Appellant's time spent outside of his residential county established a willful violation of condition 3.
The evidence showed that Appellant wore a GPS device that tracked his location and was capable of alerting him if he left Marion County. However, the State acknowledged that on the day at issue, Appellant's GPS device did not have the alert function enabled, and therefore, it did not notify Appellant when he left Marion County. The only evidence presented to prove knowledge on Appellant's part was his probation officer's testimony that on the day following the incident, she spoke with Appellant about the GPS tracking point indicating that he left Marion County and he did not deny it. Appellant was not questioned about his knowledge of the Marion County or Sumter County borders, or for that matter, whether he knowingly left Marion County. Further, no evidence was presented indicating that there was signage on the road that would have alerted Appellant that he was traveling into Sumter County. The State could not establish that Appellant willfully violated his probation without introducing evidence that he knowingly left Marion County. See Wharton, 136 So.3d at 632-33 (holding that the State did not prove that the defendant willfully violated a probation condition prohibiting him from leaving the county without permission when it presented no evidence that the defendant was aware that he left the county for forty minutes).
On review, we find no competent, substantial evidence supporting a finding that Appellant knowingly left Marion County. Accordingly, we hold that the trial court abused its discretion in finding that he willfully violated condition 3 of his probation. The trial court properly found that Appellant violated conditions 17 and 25 of his probation, but because there is nothing in the record to indicate that the trial court would have imposed the same sentence if it only found violations of those two conditions, we are compelled to remand the case to the trial court with instructions to enter a revocation order for violations of conditions 17 and 25 and resentence Appellant for the violations of those conditions only. See Wilson v. State, 967 So.2d 1107, 1108 (Fla. 4th DCA 2007) (remanding for reconsideration of sentencing where record provided "too little guidance" to determine whether trial judge *279 would have imposed same sentence for two probation violations rather than four).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
HARRIS and GROSSHANS, JJ., concur.

Appellant was riding in a car with his sisters, thirteen-year-old nephew, two-year-old niece, and two-month-old nephew.

The affidavit also alleged that Appellant violated conditions 2 and 9, but the trial court did not find that Appellant willfully and substantially violated those conditions. Therefore, conditions 2 and 9 are not at issue in this appeal.