# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-786
Lower Tribunal No. MM21-002169-WH

_____

ISAIAH JOE BEAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Polk County.
Bob Grode, Judge.

April 5, 2024

MIZE, J.

Appellant, Isaiah Joe Bean ("Bean"), appeals the final order revoking his probation.[1] The trial court found that Bean committed multiple willful violations of his probation. However, some of those violations were not actually charged by the State. Additionally, the trial court's findings as to some of the violations that were charged were not supported by competent, substantial evidence. Because it is not

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

clear from the record below whether the trial court would have revoked Bean's probation based on the willful violations that were charged by the State and for which there was competent, substantial evidence, we reverse the trial court's order and remand this case to the trial court to determine whether to revoke Bean's probation based only on those violations.

## Background and Procedural History

In September 2021, Bean entered a plea of nolo contendere to two counts of battery. The trial court withheld adjudication and sentenced him to twelve months of probation for each count, with the sentences to run concurrently. The sentence also included two special conditions: (1) that Bean complete fifty hours of alternative community service within six months; and (2) that Bean complete an eight-week anger management class. The order also required Bean to: (1) report to his probation officer each month, on an assigned date, as directed by his probation officer; (2) pay forty dollars per month to cover the cost of his supervision; and (3) comply with any special conditions ordered by the trial court and cited on the front of the judgment (i.e., the community service and the anger management class).

While Bean was on probation, Bean's probation officer, Hiram Saunders ("Saunders"), filed three affidavits in April, May, and July of 2022, respectively, stating that Bean violated various conditions of his probation. First, in the April affidavit, Saunders stated that Bean (1) failed to report as directed for the months of

2

October and November of 2021; (2) failed to pay his forty dollar per month supervision fee for the months of December of 2021 and January through April of 2022; (3) failed to provide proof of completion of fifty hours of alternative community service; and (4) failed to provide proof of completion of an eight–week anger management class. In the May affidavit, Saunders stated that Bean also failed to pay his supervision fee for that month. In the July affidavit, Saunders stated that Bean failed to report as directed for the month of June 2022 and also failed to pay his supervision fee for that month.

The trial court held an evidentiary hearing. At the hearing, Saunders testified that as of the time of the evidentiary hearing, Bean completed his fifty hours of community service but failed to submit a certificate of completion for the eight–week anger management class. Saunders also testified that Bean had not paid the forty-dollar monthly supervision fee for the months of December 2021 and January through April of 2022, for a total outstanding amount of $280. Saunders also testified that Bean failed to report as directed in October and November of 2021.

Bean testified that he did not willfully violate any of the terms of his probation. Bean also testified that he tested positive for Covid on multiple occasions, and, because of Covid, he lost his job. He wanted to pay his supervision fees but claimed he did not have the money to do so. Bean told Saunders "[a]lmost every visit" that he had difficulty paying his probation fees because of the state of

3

his income and the expenses of his daughter and family. As to the anger management course, Bean testified that, among other things, he could not afford the $55 fee for a psychological evaluation required for the class, and when he phoned the course administrators to tell them this information, the administrators told him not to come.

Bean argued that his failures to report to his probation officer were not willful because he had Covid. His failure to pay his costs of supervision was not willful because he did not have the funds to pay. His failure to complete the anger–management course was not willful due to, among other things, his inability to pay for the psychological evaluation.

At the conclusion of the hearing, the trial court found that Bean committed willful and substantial violations of probation by: (1) failing to report in October and November of 2021; (2) failing to report in December, January, and February of 2022; (3) failing to complete the eight–week anger management class; and (4) failing to pay forty dollars per month in probation fees, for a total of $280 unpaid. The trial court revoked Bean's probation, adjudicated Bean guilty of the original two counts of battery, and sentenced Bean to 360 days in the county jail, with only 200 days of

that time needing to be served if Bean turned himself into the jail by a specified deadline. This appeal followed.[2]

## Analysis

We review a trial court's decision to revoke probation for abuse of discretion. *Archie v. State*, 264 So. 3d 276, 277 (Fla. 5th DCA 2019). However, only a willful and substantial violation of probation can support a revocation of probation. *Burgin v. State*, 623 So. 2d 575, 576 (Fla. 1st DCA 1993). Negligence or ineptitude does not support a finding of a willful and substantial violation. *Rousey v. State*, 226 So. 3d 1015, 1017 (Fla. 2d DCA 2017); *see also Selig v. State*, 112 So. 3d 746, 749 (Fla. 2d DCA 2013) ("A defendant's failure to comply with a probation condition is not willful where his conduct shows a reasonable, good faith attempt to comply and factors beyond his control, rather than a deliberate act of misconduct, caused his noncompliance." (quoting *Soto v. State*, 727 So. 2d 1044, 1046 (Fla. 2d DCA 1999) (internal alterations omitted))). A violation of probation is willful "only where the defendant fails to make reasonable efforts to comply with the alleged violated condition." *Rousey*, 226 So. 3d at 1017.

---

[2] It appears that Bean has already served the jail sentence imposed by the trial court. However, this appeal is not moot because the trial court also adjudicated Bean guilty of two counts of battery based on the violation of probation. *Casiano v. State*, 310 So. 3d 910, 915 (Fla. 2021) ("[A]n appeal of an underlying conviction is not rendered moot by the completion of a defendant's sentence.").

At a violation of probation hearing, the State bears the burden to prove the alleged violation by a preponderance of the evidence. *Stevens v. State*, 823 So. 2d 319, 321 (Fla. 2d DCA 2002). We review the trial court's finding that a willful and substantial violation occurred for competent, substantial evidence. *Archie*, 264 So. 3d at 278.

In this case, there was competent, substantial evidence that Bean willfully failed to report to his probation officer in October and November 2021. However, while the trial court found that Bean failed to report in December 2021 and January and February of 2022, the affidavits of revocation did not charge Bean with failing to report for these months. "A trial court is not permitted to revoke probation on conduct not charged in the affidavit of revocation." *Jackson v. State*, 290 So. 3d 1037, 1038 (Fla. 2d DCA 2020) (quoting *McRae v. State*, 88 So. 3d 384, 385 (Fla. 2d DCA 2012)). Because the charging affidavits did not allege that Bean failed to report in December 2021 and January and February of 2022, the trial court erred in finding a violation of probation based on Bean's failure to report in these months.

As to the anger management course, Bean testified that he did not have the funds to pay for the $55 psychological evaluation that was required for the course, and for this reason, the administrators conducting the course told him not to come. The State offered no evidence whatsoever to rebut Bean's testimony. Because the State bore the burden of proof to establish willfulness by a preponderance of the

6

evidence and offered no evidence in response to Bean's testimony that he could not complete the anger management course due to lack of funds, the trial court erred in finding a violation of probation based on Bean's failure to complete the anger management course.

As to Bean's failure to pay the supervision fees, Bean testified that he did not have the funds to pay the fees, and the State offered no evidence whatsoever to establish that Bean did have sufficient funds to pay the fees. Additionally, the trial court made no finding that Bean had sufficient funds to pay the supervision fees. Before a person's probation can be revoked based on failure to pay supervision fees, the trial court must make a determination that the person had the ability to pay but willfully refused to do so. *See Smith v. State*, 892 So. 2d 513, 514 (Fla. 1st DCA 2004); *Contreras v. State*, 274 So. 3d 532, 535 (Fla. 2d DCA 2019); *see also Stephens v. State*, 630 So. 2d 1090, 1091 (Fla. 1994). For these reasons, the trial court erred in finding a violation of probation based on Bean's failure to pay his monthly supervision fees.

In sum, the only violations of probation found by the trial court that were properly charged and for which there was competent, substantial evidence was Bean failing to report in October and November of 2021. The State must prove only one violation of probation in order for a probationer to be found in violation. *See State v. Carter*, 835 So. 2d 259, 261 (Fla. 2002); *Riggins v. State*, 830 So. 2d 920, 921

7

(Fla. 4th DCA 2002). However, when it is unclear from the appellate record whether the trial court would have revoked probation and imposed the same new sentence had it considered only valid violations, the appellate court must remand for the trial court to reconsider whether probation should be revoked and, if so, whether the same sentence should be imposed. *Niemi v. State*, 284 So. 3d 1143, 1145-46 (Fla. 5th DCA 2019) (citing *Hostetter v. State*, 82 So. 3d 1217, 1221 (Fla. 1st DCA 2012); *Grannemann v. State*, 85 So. 3d 1186, 1187 (Fla. 5th DCA 2012)); *Faulstick v. State*, 333 So. 3d 797, 801 (Fla. 5th DCA 2022). On this record, we cannot determine whether the trial court would have revoked probation and imposed the same new sentence on Bean based only on his failures to report in October and November of 2021.

## Conclusion

For the foregoing reasons, we reverse the trial court's order and remand for the trial court to reconsider, based only on Bean's failures to report in October and November of 2021, whether Bean's probation should be revoked and, if so, whether the same sentence should be imposed.

REVERSED and REMANDED for further proceedings.

TRAVER, C.J., and WOZNIAK, J., concur.

Howard L. "Rex" Dimmig, II, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

8

Ashley Moody, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED